IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIS A. BOWLES, | : | |
|     Petitioner | : | No. 1:25-cv-02116 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| WARDEN FERNANDO GARZA, | : | |
|     Respondent | : | |

## MEMORANDUM

Presently before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Willis A. Bowles ("Bowles"). For the reasons stated below, the Court will dismiss the petition and direct the Clerk of Court to close the case.

### I.    BACKGROUND

On February 14, 2025, Bowles was sentenced to sixty-three (63) months of federal incarceration after pleading guilty to one (1) count of felon in possession of a firearm (18 U.S.C. §§ 922(g)(1), 924(a)(8)) in the United States District Court for the Western District of New York ("WDNY"). See United States v. Bowles, No. 24-cr-06015 (W.D.N.Y. filed July 7, 2023), ECF No. 46.[1] Bowles neither filed a direct appeal to the Second Circuit Court of Appeals nor a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. He did, however, file a motion for reduction in sentence under 18 U.S.C. § 3582(c)(2) on October 14, 2025, see id., ECF No. 49, and this motion is still pending before the WDNY.

---

[1] The WDNY docket is a public record of which this Court can take judicial notice. See Orabi v. Att'y Gen., 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket).

Bowles commenced the instant action by filing his Section 2241 habeas petition, which the Clerk of Court docketed on November 10, 2025. (Doc. No. 1.)[2] In his petition, Bowles contends that he is entitled to habeas relief because he is actually innocent of the Section 922(g)(1) charge. (Id. at 3–4.) For relief, Bowles "prays that the court grant [him] relief to which he may be entitled in this proceeding." See (id. at 5).

## II.    LEGAL STANDARDS

### A.    Screening of Habeas Petitions

District courts are obligated to screen habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See R. 4, 28 U.S.C. foll. § 2254 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the court must promptly examine it."). Rule 4 may be applied in habeas cases brought under Section 2241. See R. 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a))."). "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Lonchar v. Thomas, 517 U.S. 314, 320 (1996); see also McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

### B.    Section 2241 Habeas Petitions

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence." See Cardona

---

[2] Although Bowles did not seek leave to proceed in forma pauperis or remit the filing fee when he filed his habeas petition, he later remitted the fee. See (Unnumbered Docket Entry After Doc. No. 3).

2

v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas").  While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out."  See Woodall, 432 F.3d at 242, 243 (citation omitted).  As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. See, e.g., Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the manner in which the BOP is computing their federal sentence).

### III.    DISCUSSION

Federal prisoners such as Bowles seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(e); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (citing Davis v. United States, 417 U.S. 333, 343 (1974)).  Federal prisoners may only challenge their conviction through a Section 2241 habeas petition if a Section 2255 motion is "inadequate or ineffective to test the legality of [their] detention."  See 28 U.S.C. § 2255(e); see also Jones v. Hendrix, 599 U.S. 465, 474 (2023) (explaining that in enacting Section 2255 "Congress generally barred federal prisoners 'authorized to apply for relief by motion pursuant to' § 2255 from applying 'for a writ of habeas corpus' under § 2241[, but it]preserved the habeas remedy in cases where 'the remedy by motion is inadequate or ineffective to test the

legality of [a prisoner's] detention'" (second alteration in original) (quoting 28 U.S.C. § 2255(e))).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the Section 2241 habeas petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording [them] a full hearing and adjudication of [their] wrongful detention claim." See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." See id. at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.[3]

Here, Bowles seeks habeas corpus relief pursuant to Section 2241 based on his actual innocence. In particular, he asserts that in United States v. Guyton, 144 F.4th 449 (3d Cir. 2025), the Third Circuit Court of Appeals determined in a factually similar case that a reasonable jury could not find that the defendant constructively possessed firearms stored in a "derelict house" and vacated the defendant's Section 922(g)(1) conviction. See (Doc. No. 1-1 at 4–5). As such, Bowles believes that he "is entitled to a similar dismissal of his case." See (id. at 5).

---

[3] Until 2023, courts in the Third Circuit recognized an additional exception based on In re Dorsainvil, which allowed a prisoner who had previously filed a Section 2255 motion on other grounds to proceed under Section 2241 when the petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." See 119 F.3d 245, 251 (3d Cir. 1997). The United States Supreme Court, however, later abrogated Dorsainvil. See Jones, 599 U.S. at 477–78; see also Voneida v. Johnson, 88 F.4th 233, 235 (3d Cir. 2023) (acknowledging that Jones abrogated Dorsainvil). Under Jones, Section 2255(e) "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." See id. at 471.

Through his claim, Bowles clearly challenges the legality of his conviction, and he has not shown, or even argued, that Section 2255 is inadequate or ineffective to adjudicate his claim. Thus, Bowles must present his claims in a Section 2255 motion in the sentencing Court, <u>i.e.</u>, the WDNY, and this Court lacks jurisdiction to decide his petition. Accordingly, because Bowles's claim is not cognizable in a Section 2241 habeas corpus petition, the Court will dismiss his petition for lack of subject-matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the Court will dismiss without prejudice Bowles's Section 2241 petition for lack of subject-matter jurisdiction and direct the Clerk of Court to close this case. An appropriate Order follows.

<u>s/ Yvette Kane</u>
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania